## CIRCUIT COURT OF THE CITY OF RICHMOND

Judith W. Coward,
Adm'x of the Estate of
John W. Coward,
deceased

v.

Family Physicians of Chester, P.C.,
and Brian R. Port

June 1, 1995

Case No. LA-45-3

BY JUDGE T. J. MARKOW

The parties came on April 27, 1995, for hearing on the defendants' Objection to Venue and Motion to Transfer Venue, and evidence was presented and argument was heard.

This case was previously filed in this court and nonsuited. When previously filed, one or more of the professional corporation defendant's physician employees held hospital privileges within the City of Richmond, and thus venue was proper in the forum under Va. Code Ann. § 8.01-262(3). Prior to this action's being filed, those privileges ceased and the court finds that neither defendant regularly conducts business or affairs in the City of Richmond.

Plaintiff correctly argues that under Va. Code Ann. § 8.01-380, this is the only proper forum within which suit could be brought, but this is correct only if facts exist to support venue as if this suit were being filed here initially. Such facts do not exist under Va. Code § 8.01.262(3).

Plaintiff argues that venue lies in the City of Richmond under Va. Code Ann. § 8.01-262(4); i.e., "wherein the cause of action, of any part thereof, arose."

This is a wrongful death action based on alleged negligence occurring in Chesterfield County and resulting in the decedent's suffering a heart attack at his home, also located in Chesterfield County. After suffering the heart attack, rescue workers transported the decedent to a hospital located in the City of Richmond. The death certificate signed by one of the defendants describes the "City or Town of Death" as "Richmond."

Defendants' expert, a cardiologist trained in emergency medicine, opined that the decedent died at his home in Chesterfield because before he was moved the decedent had no spontaneous respiratory nor effective cardiac function for a sufficient time that he could not have been revived. This witness concedes that decedent's heart had not stopped until after he arrived at the hospital; it was in fibrillation, which means rapid ineffective heart movement.

Under a Death by Wrongful Act claim, one of the elements of the claim is, of course, death. If the decedent died in the City of Richmond, then a part of that cause of action arose in this jurisdiction and this is a proper forum; otherwise, it is not.

Va. Code Ann. § 54.1-2972(1) provides:

> § 54.1-2971. *When person deemed medically and legally dead.* — A person shall be medically and legally dead if: 1. In the opinion of a physician duly authorized to practice medicine in this Commonwealth, based on the ordinary standards of medical practice, there is the absence of spontaneous respiratory and spontaneous cardiac functions and because of the disease or condition which directly or indirectly caused these functions to cease, or because of the passage of time since these functions ceased, attempts at resuscitation would not, in the opinion of such physician, be successful in restoring spontaneous life-sustaining functions, and in such event, death shall be deemed to have occurred at the time these functions ceased; or . . . .

The defendants' expert applied this definition of death to the facts of this case and determined that death occurred in Chesterfield County. The only issue is whether the fact that as the heart was in fibrillation, i.e., some type of spontaneous movement, one element of the test is not met. The court concurs with the physicians.

The test is not whether there is spontaneous cardiac movement; it is whether there is "spontaneous cardiac function." Function implies useful activity of the heart, not mere movement. Spontaneous function actually

ceased in Chesterfield County. There is no part of the cause of action that arose in the City of Richmond.

It is, therefore, ordered that this case is transferred to the Circuit Court of Chesterfield County.